IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF ARKANSAS
WESTERN DIVISION

**KENYA THOMPSON**                                        **PLAINTIFF**

**v.**                        **Case No:  4:18-CV-905-SWW**

**UNION PACIFIC RAILROAD COMPANY**                   **DEFENDANT**

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER <u>FIRST MOTION TO COMPEL DISCOVERY</u>

Defendant has lodged improper objections, refused to produce information and material in response to several written discovery requests, and refused to provide testimony for numerous deposition topics.  These requests and topics are central to Plaintiff's FELA injury claims and FRSA retaliation claims, and Defendant's failure to provide responsive material and testimony has caused delay in litigating the merits of this case.  Accordingly, this Court should overrule Defendant's objections, and order Defendant to produce this material and designate and produce corporate representative(s) for the appropriate deposition topics.

## <u>BACKGROUND</u>

This FELA and FRSA retaliation case arises from back injuries sustained by Plaintiff Kenya Thompson on June 20, 2017 while she was working for Defendant as a freight railroad conductor near Memphis, Tennessee, when she attempted to release a wheel-style handbrake from a railcar which was lacking a release lever.  After Plaintiff reported her injury to Defendant and returned to work, Defendant treated her differently than other employees.  Specifically, Defendant began "testing" Plaintiff on multiple occasions, and took exception to relatively minor work issues outside of Plaintiff's responsibilities.  On July 6, 2017, sixteen days after her on-duty injury, Defendant abruptly removed Plaintiff from service, claiming that she did not conduct an

1

"air brake test" on a train in Bald Knob, Arkansas the day before; she was subsequently terminated.

Plaintiff filed suit, and on April 4, 2019, Plaintiff served her First Interrogatories and Request for Production of Documents to Defendant.  On May 3, 2019, Defendant served its Answers to Plaintiff's Interrogatories (Exhibit 1) and its Responses to Plaintiff's Request for Production (Exhibit 2), which were rife with objections.  Plaintiff's counsel attempted to resolve these issues in good-faith without court intervention (Exhibit 3).  On August 23, 2019, Defendant supplemented its answers and responses (Exhibit 4), but several outstanding issues remain.

On June 19, 2019, Plaintiff served a notice of deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, which contained topics of examination.  Defendant served a written response to these deposition topics, again, lodging multiple objections (Exhibit 5). Plaintiff's counsel attempt to resolve these issues in good-faith without court intervention (Exhibit 6) without success.

Plaintiff has alleged, among other things, that Defendant failed to provide her with a reasonably safe workplace, failed to equip its railcar with an automatic release lever; and failed to inspect, repair and maintain its handbrakes, violating the standard of care under the Federal Employers' Liability Act (FELA), and causing Plaintiff injuries.  Complaint, ECF No. 1, ¶ 9(a)-(c), (j).  Plaintiff has also alleged that Defendant violated the Federal Railroad Safety Act (FRSA) by dismissing Plaintiff from her job in response to her report for injuries.  *Id*. at ¶¶ 44-58.  Defendant claims that it terminated Plaintiff because she failed to perform an air brake test. Ex. 1, No. 17.  However, Plaintiff's Complaint alleges that this purported reason for termination is false, and that Defendant actually terminated Plaintiff because she reported an injury.  ECF No. 1, at ¶¶ 27-28, 33-35, 37, 39-40.  Plaintiff's Complaint notes that, had she indeed failed to

perform an air brake test, devices called "hot box readers" would have detected a problem with the train, and a hot box report would have indicated as much.[1]  *Id*. at ¶¶ 37, 39-40.  The general topics of discovery pertain to these claims, and the objections/incomplete information for the following interrogatories, request for production, and deposition topics are improper:

- Complaints, notices, and/or reports of injury by Defendant's employees while operating wheel-style handbrakes, including identity of complainant/injured person, date of report, and circumstances of complaint/injury (Interrogatory Nos. 11 and 12, Request Nos. 21 and 28, Topic Nos. 13 and 14);

- Inspection, maintenance, and repair records for the subject railcar including handbrakes from June 20, 2014 to present[2], and the policies, specifications and standards for inspection, maintenance and repair of wheel-style handbrakes (Request Nos. 16 and 19, Topic Nos. 4, 5, and 27);

- Hot box reader data for July 5, 2019 (Request No. 37, Topic Nos. 2 and 22);

- All reports prepared concerning the allegations in Plaintiff's Complaint, except those generated by claim or legal department personnel (Interrogatory No. 15, Request No. 30, Topic No. 28);

- Disciplinary records of conductors and engineers charged with failing to perform an air brake test for five years preceding the subject incident through the present, and personnel files of conductors terminated for failing to perform an air brake test for same time period, and list identifying names of same (Interrogatory Nos. 20 and 21, and Request Nos. 43, 44, 45, 46, and 47);

- Testimony and documentation regarding employees who reported on duty injuries and received discipline or were dismissed within one year of reporting an injury, and testimony regarding employees who filed FRSA claims within the last 5 years (Topic Nos. 31 and 32); and

- Privilege log for documents withheld subject to privilege.

Ex. 1, Nos. 11, 12, 15, 20, 21; Ex. 2, Nos. 16, 19, 21, 28, 30, 37, 43, 44, 45, 46, 47; Ex. 5, Nos. 2,

---

[1] Hot box readers are devices which record overheating in certain components of a train.

[2] Although Plaintiff's Request for Production does not have a time limitation, Plaintiff is willing to limit time period to three years prior to on-duty injury to present, as limited in Topic No. 4.

4, 5, 13, 14, 22, 27, 28, 31, 32.  For the following reasons, Defendant's objections should be overruled, and Defendant should be ordered to produce complete and responsive material, information and testimony to the above written discovery and deposition topics.

## LAW AND ARGUMENT

A.  **Complaints, Notices and Reports of Injury Regarding the Operation of Wheel-Style Handbrakes is Relevant to Plaintiff's Claims, and Therefore Discoverable.**

Defendant's failure to produce responsive documents and/or testimony, without objection, concerning its employees' reports of injury or complaints about using wheel-style handbrakes is improper and contrary to well-established law.  First, these injuries are relevant to Plaintiff's FELA cause of action, in which she has the burden to show foreseeability and negligence.  *Bissett v. Burlington Northern R. Co.*, 969 F.2d 727, 731 (8th Cir. 1992).  Notification of defects, problems, or safety hazards related to the same type of equipment that caused Mr. Smith's injury puts Defendant on notice of a dangerous condition, and Defendant's actions (or lack thereof) in response to those notifications will evidence its breach of the duty to provide a reasonably safe workplace.  *Smith v. BNSF Ry. Co.*, No. CIV-08-1203, 2011 WL 4346341 at *3 (W.D. Okla. Sept. 15, 2011); *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 567 (1994).

While it is true that post-incident injuries to other employees cannot bear on Defendant's notice of an unsafe condition before Plaintiff's injury, the same are relevant to other issues in the case.  Namely, other similar post-incident injuries are relevant to causation and negligence.  Defendant has denied that the workplace it provided to Plaintiff was unsafe and has denied that Plaintiff's injuries were caused by its equipment (ECF No. 3 at ¶¶ 7-9).  Other incidents of injury to Defendant's employees performing the same job as Plaintiff and using substantially similar equipment (even if such occurred after Plaintiff's own injury) tend to refute those claims and

support Plaintiff's assertion that the equipment she was provided was unsafe and that the same

caused her injuries. *See Davis v. Union Pacific R. Co.*, No. 4:07CV00521 BSM, 2008 WL

3992761, at *2-3 (E.D. Ark. Aug. 26, 2008) (district court ordering defendant to produce reports

of injury after plaintiff's incident had occurred).[3]  Defendant's objections are therefore without

merit and must be overruled.[4]

**B.**      **Hot Box Reader Data for the Date of the Alleged Air Brake Test Failure is Directly Relevant to the Claims in Plaintiff's Complaint.**

Defendant's assertion that hot box reader data is irrelevant, Ex. 2, No. 37, is directly

---

[3] Defendant has produced its own "cherry-picked" charts of a limited number of injuries/safety complaints that are not system wide, that fail to identify the name of the reporting employees, and fail to provide the employees' account of how their injuries occurred, or the basis for their safety complaints.  Defendant's refusal to produce this material, Ex. 2, Nos. 21 and 28, is unfounded.  Reports containing personnel and/or medical information of a plaintiff's coworkers in FELA cases are discoverable.  *See Overfelt v. BNSF Ry. Co.*, No. 15-1239-EFM-KGG, 2016 WL 3442385, at *2 (D. Kan. June 23, 2016) (defendant argued that it should not be required to produce personal injury reports of plaintiff's coworkers, because those reports contained medical information of defendant's employees not party to this claim; court rejected defendant's argument and ordered the production of the personal injury reports); *see also Balsey v. BNSF Ry. Co.*, No. 09-5168 (Doc. 36) (W.D. Wash. Oct. 4, 2010) (court held that the unredacted personal injury reports of plaintiff's coworkers must be produced, and that "there exists no justification for the redaction of employee names from the accident reports").

[4] Similarly, Defendant has objected to Plaintiff's request for records and testimony concerning maintenance, inspection, and repair records for the subject railcar for three years prior to the subject incident through the present.  Defendant has acknowledged that this type of material is discoverable, as it has produced some records indicating maintenance on the railcar at issue (subject to numerous objections) for a period of one year prior to and one year after the subject incident.  Ex. 2, No. 16.  Indeed, maintenance and inspection records are discoverable, and a time-frame of three years prior to the subject incident through the present is reasonable. *See Davis*, 2008 WL 3992761, at *2-3 (ordering defendant to produce inspection records 8 years before the incident through the present date, finding them relevant and discoverable); *Puckett v. Union Pacific R. Co.*, No. 13SL-CC04533 (Mo. Cir. Ct. June 9, 2015) (court ordered production of inspection records beginning 3 years prior to incident), attached hereto as Exhibit 7. Additionally, the policies and procedures that dictate the proper protocols for maintaining or inspecting railcars could ostensibly show that Defendant failed to follow said protocols, resulting in an unsafe/defective handbrake.

contrary to the allegations contained in Plaintiff's Complaint.  According to Defendant, Plaintiff was terminated because she purportedly failed to perform an air brake test.  Ex. 1, No. 17. Plaintiff denies that she failed to perform this test and, in support of that position, specifically alleges that the hot box reader data would have detected a problem with the braking system, had she not completed such a test.  ECF No. 1, at ¶ 37.  Therefore, it is central to Plaintiff's position that the purported failure to conduct an air brake test was utilized by Defendant as a pretext for terminating Plaintiff; that Plaintiff was *actually* terminated because she reported an on-duty injury.  ECF No. 1, at ¶¶ 27-28, 33-35, 37, 39-40, 44-58.  Indeed, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ."  Fed. R. Civ. P. 26(b)(1).  Plaintiff's allegation regarding hot box data is part of her claim that Defendant violated the FRSA, and therefore, such material is discoverable.  *Id*.

Defendant makes the unsupported claim that such discovery is unduly burdensome.  Ex. 2, No. 37.  A party resisting discovery bears the burden of establishing lack of relevancy or undue burden.  *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997).  The mere statement by a party that a request is overly broad or burdensome "is not adequate to voice a successful objection."  *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000).  Here, Defendant has not stated in any terms how such a request is burdensome.  Notably, Defendant has produced other similar computer generated reports without issue[5]; thus, it is unclear how producing this report would bear any more burden on Defendant than those other reports.

---

[5] Defendant has produced, among other things, a car history report, a consist list, an event recorder graph, superintendent bulletins, and a train list, but is withholding one day's worth of hot box reader data.

C.    **Investigatory Reports Concerning the Facts Contained in Plaintiff's Complaint are Relevant and Not Protected by Privilege.**

Defendant's claim that reports concerning Plaintiff's injury and termination are irrelevant, burdensome, and protected by privilege are meritless and contrary to law.

Specifically, Plaintiff seeks the following written discovery and testimony:

- The identity of all reports concerning the allegations of Plaintiff's Complaint, except those generated by claims or legal department personnel, the names of the individuals who prepared the report, the date each person prepared the report(s), and who directed its preparation; and

- All documents, reports, logs or other materials in the possession of Defendant pertaining to Plaintiff's on-duty injury incident which were prepared or are kept pursuant to FRA regulations or reporting guidelines.

Ex. 1, No. 15; Ex. 2, No. 30; Ex. 5, No. 28.  With respect to the *identity* of investigatory reports, Defendant makes a bare assertion that such a request is overbroad and unduly burdensome, and answers 'subject to' those objections; as a result, it is not possible for Plaintiff to ascertain what material, if any, is being withheld subject to objection.  Certainly, any investigatory documentation concerning the facts of this case (not generated in anticipation of litigation) would be discoverable.  Defendant has failed to meet its burden in demonstrating why investigative reports generated in the ordinary course would somehow be irrelevant or burdensome.  *Oleson*, 175 F.R.D. at 565.  Thus, Defendant's objections are without merit and should be overruled.

With respect to documents in possession of Defendant, which are kept pursuant to FRA regulations, Defendant has lodged a statutory privilege objection which is not applicable here.  First, the statute, 49 U.S.C. §20903[6], cannot be asserted as a discovery privilege, as courts have

---

[6] 49 U.S.C. § 20903 states that "[n]o part of an accident or incident report filed by a railroad carrier under section 20901 of this title or made by the Secretary of Transportation under section 20902 of this title may be used in a civil action for damages resulting from a matter

ordered the production of reports filed with the FRA. *See Macaulay v. Massachusetts Bay Commuter Railroad Company*, No. 07CV10864-NG, 2008 WL 11388601, at *2-3 (D. Mass. June 26, 2008) (court ordered production of reports submitted to FRA and determined that the privilege asserted by the defendant was not a discovery privilege); *Stonebarger v. Union Pacific Corp.*, No. 13-CV-2137-JAR-TJJ, 2014 WL 3579374, at *4-5 (D. Kan. July 21, 2014) (same); *see also Kehdi v. BNSF Ry. Co.*, No. 06-642-AA, 2007 WL 2994600, at *2-3 (section 20903 is an "evidentiary privilege").

Second, the plain language of 49 U.S.C. § 20903 limits the evidentiary privilege to monthly reports made under oath and filed with the FRA, which state the nature, cause and circumstances of incidents or accidents for that month. *Kehdi*, 2007 WL 2994600, at *2; *see* 49 U.S.C. § 20901(a) ("[n]ot later than 30 days after the end of each month, a railroad carrier shall file a report with the Secretary of Transportation on all accidents and incidents resulting in injury or death to an individual or damage to equipment. . . during the month."). Therefore, any records or materials that were *not* monthly reports filed by Defendant with the FRA pursuant to Section 20901 would be outside the scope of the evidentiary privilege contained in 49 U.S.C. § 20903. This statute is of no aid to Defendant with respect to Request No. 30, and the vast majority of information responsive to Interrogatory No. 15, and Topic No. 28. Therefore, Defendant's objections must be overruled as to this topic and requests.[7]

---

mentioned in the report." Section 20901 states in relevant part: "[n]ot later than 30 days after the end of each month, a railroad carrier shall file a report with the Secretary of Transportation on all accidents and incidents resulting in injury or death to an individual or damage to equipment. . . during the month." 49 U.S.C. § 20901. Section 225.31 tracks the language set forth in Section 20903.

[7] Just like in this case, the plaintiff in *Kehdi*, 2007 WL 2994600, at *2 sought documents not filed with the FRA, such as internal reports. The court held that the documents requested by plaintiff did not meet the specifications under Section 20901. *Id.*

**D. Information, Material, and Testimony Regarding the Discipline of Others is Discoverable, as it is Relevant to Showing Disparate Treatment.**

Defendant's refusal to produce discovery regarding the discipline of Plaintiff's coworkers is unfounded and contrary to law. Plaintiff has specifically requested the following:

- Disciplinary records of conductors and engineers charged with failing to perform an air brake test for five years preceding the subject incident through the present, and personnel files of conductors terminated for failing to perform an air brake test for same time period, and list identifying names of same (Interrogatory Nos. 20 and 21, and Request Nos. 43, 44, 45, 46, and 47);

- Testimony regarding employees who reported on duty injuries and received discipline or were dismissed within one year of reporting an injury, and testimony regarding employees who filed FRSA claims within the last 5 years (Topic Nos. 31 and 32).

The FRSA provides that a railroad may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if that discrimination is based on the employee's attempt to notify the railroad carrier of a work-related personal injury or work-related illness of an employee. *Heim v. BNSF Ry. Co.*, No. 8:13-CV-369, 2015 WL 5775599, at *2-3 (D. Neb. Sept. 30, 2015) (citing 49 U.S.C. § 20109(a)(4)). Indeed, the Eighth Circuit has explained that the essence of the intentional tort of FRSA retaliation is discriminatory animus. *Blackorby v. BNSF Ry. Co.*, No. 13-CV-908, 2015 WL 58601, at *3 (W.D. Mo. Jan. 5, 2015). Courts have allowed for discovery and production of other employees' personnel file materials where there are allegations that a plaintiff was treated differently than other employees. *See Davis v. Precoat Metals, a Div. of Sequa Corp.*, No. 01 C 5689, 2002 WL 1759828, at *3-4 (N.D. Ill. July 29, 2002) (court held that plaintiff was entitled to other employees' personnel and disciplinary files in a case where plaintiffs alleged that they were retaliated against for filing claims of discrimination against their employer)[8]; *Ruran v. Beth El Temple of West Hartford, Inc.*, 226

---

[8] In *Davis*, 2002 WL 1759828, at *3, the defendant initially refused to produce personnel file material, and instead offered to produce an employee list containing a limited amount of

F.R.D. 165, 169-170 (D. Conn. 2005) (court ordered production of personnel files of other employees, as they were "relevant to [plaintiff's] claim of disparate treatment); *Barfoot v. Boeing Co.*, 184 F.R.D. 642, 644 (N.D. Ala. 1999) (court ordered production of personnel files of other employees as it could show that other Caucasian employees received preferential treatment).

In order to determine whether Plaintiff was treated differently, which is the basis of Plaintiff's FRSA claim, it is absolutely necessary to determine whether other employees were disciplined similarly after reporting an injury and/or after purportedly failing to perform an air brake test. Plaintiff has specifically alleged that the Defendant engenders a culture built on fear, that it deters employees from reporting injuries; and that had Plaintiff not reported the subject injury, she would not have been disciplined and terminated. ECF No. 1, ¶¶ 52-53. Plaintiff is entitled to discover facts which support her claim that she was treated differently for reporting her injury. *Davis*, 2002 WL 1759828, at *3-4; *Ruran*, 226 F.R.D. at 169-170; *Barfoot*, 184 F.R.D. at 644. Defendant's objections should be overruled, and it should be compelled to produce responsive documents, answers, and testimony.[9]

**E.      Defendant's Refusal to Produce a Deponent to Testify as to Deposition Topics is Improper.**

Defendant's refusal to produce deponents to testify regarding certain aspects of Plaintiff's deposition topics is improper under the Federal Rules of Civil Procedure. A corporation is required to appoint corporate representative(s) to testify to each subject identified in a Rule

---

information, e.g., name, race, date of hire and supervisor. In ordering the production of personnel files, the court held that "[g]iven the broad range of allegations in the plaintiffs' complaint. . . the defendant's proposed list would be inadequate." *Id.*

[9] As was ordered by the court in *Davis*, 2002 WL 1759828, at *4, Plaintiff would be willing to enter into a mutually agreed-upon protective order regarding the production of personnel files of other employees.

30(b)(6) notice of deposition, unless that corporation obtains a protective order. *Lee v. Nucor-Yamato Steel Co. LLP*, No. 3:07CV00098-BSM, 2008 WL 4014141, at *3 (E.D. Ark. Aug. 25, 2008); Fed. R. Civ. P. 26(c)(1); *see also Criterion 508 Solutions, Inc. v. Lockheed Martin Services, Inc.*, 255 F.R.D. 489, 493-94 (S.D. Iowa 2008) (party could not resist deposition without filing a motion for protective order). To date, Defendant has failed to file a motion for protective order, and therefore, its refusal to designate witnesses on certain topics, such as Topic Nos. 31 and 32 is procedurally defective and unavailing.[10]

## **CONCLUSION**

Plaintiff Kenya Thompson respectfully requests that this Court grant her Motion to Compel, overrule Defendant's objections and require Defendant to fully answer and/or respond to Interrogatory Nos. 11, 12, 15, 20, and 21, and Request Nos. 16, 19, 21, 28, 30, 37, 43, 44, 45, 46, and 47. Plaintiff also requests that this Court overrule Defendant's objections to Plaintiff's Rule 30(b)(6) deposition topics, Nos. 2, 4, 5, 13, 14, 22, 27, 28, 31, and 32, and require Defendant to designate and produce witnesses for each such topic, produce responsive documents for those topics; produce a privilege log, and for all such other relief this Court deems proper.[11]

---

[10] Finally, Defendant has lodged privilege objections throughout its written discovery and has yet to produce a privilege log, although Plaintiff has requested one. *See* Ex. 4. Plaintiff requests that this Court order Defendant to produce a privilege log, as is required under Rule 26. Fed. R. Civ. P. 26(b)(5).

[11] As indicated in Plaintiff's Exhibit 6, Defendant is currently verifying whether it is willing to designate witness(es) to testify as to several other deposition topics contained in Plaintiff's notice. Plaintiff reserves the right to file a motion to compel on those topics, to the extent Defendant is unwilling to designate witness(es) for said topics.

Dated:  September 19, 2019   Nelson G. Wolff ABN #2006002
            Scott M. Gershenson
            *Attorneys for Plaintiff Kenya Thompson*
            Schlichter, Bogard & Denton, LLP
            100 South Fourth Street, Suite 1200
            St. Louis, Missouri 63102
            Tel: (314) 621-6115
            Fax: (314) 621-7151
            nwolff@uselaws.com
            sgershenson@uselaws.com