UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENYA THOMPSON, )
)
    Plaintiff, )
) Case No: 4:18CV00905 - SWW
v. )
)
UNION PACIFIC RAILROAD COMPANY, )
)
    Defendant. )

**UNION PACIFIC RAILROAD COMPANY'S ANSWERS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Comes now the Defendant Union Pacific Railroad Company, and for its Answers and Objections to Plaintiff's First Set of Interrogatories states:

**INTERROGATORY NO. 1:** Please state the date Defendant first employed Plaintiff and set forth all periods of Plaintiff's absences from work (other than rest days, vacations, and holidays) since that date.

**ANSWER:** Plaintiff was first employed on July 1, 2013. See Human Factors Report previously produced as UPRR Thompson 000009-16, Total and Average Off-Duty Report previously produced as UPRR Thompson 000216-220, Total and Average on Duty Report previously produced as UPRR Thompson 000221-225 and Total and Average Off-Duty Report and Total and Average On Duty Report for 7/01/13 through 12/31/16.

**INTERROGATORY NO. 2:** Please set forth and describe the date and nature of any disability, injury, illness, or disease that Plaintiff experienced while employed by Defendant prior to the June 20, 2017, incident alleged in Plaintiff's Complaint, and state the names, titles,


EXHIBIT 1

and addresses of the person(s) who participated in deciding to permit or authorize Plaintiff to return to work and the date(s) those person(s) gave that permission or authorization.

**ANSWER:**  Any responsive information will be included within the attached Medical Directors File.

**INTERROGATORY NO. 3:**  State the monthly wages or earnings of the three persons listed immediately above and below Plaintiff on the applicable seniority roster for the five years before the date of the June 20, 2017, incident alleged in Plaintiff's Complaint, through the present.

**ANSWER:**  Union Pacific objects to this request as seeking irrelevant information which is not likely to lead to the discovery of admissible evidence and seeks confidential and personal information concerning individuals who are not a party to this litigation.  Defendant states that the earnings of someone other than Plaintiff are irrelevant and immaterial. This information is not probative of what Plaintiff actually earned or might have earned and said persons may not be working out of the same home terminal or working the same craft as Plaintiff. In addition, Union Pacific has standing to assert a privilege against disclosure of the requested information on behalf of former and present employees. Disclosure of the requested information could constitute an invasion of the fundamental constitutional privacy right of employees who are not parties to this action, which may only be abridged to accommodate a compelling public interest. An uncontested and unwarranted disclosure of such information could expose Union Pacific to potential liability in the absence of a court order compelling disclosure and disclosure of this information would violate the right to privacy of the persons who are not parties to this lawsuit. In addition, although Plaintiff's request does not seek the names of each employee, by requesting data "in order of seniority" Plaintiff can determine

whose earnings are whose via access to her seniority roster. To the extent Plaintiff seeks anonymous randomized data (three above remain above; three below remain below), see the attached pre-tax wages, in no specific order, for the three employees above and the three employees below Plaintiff on the applicable seniority roster.

**INTERROGATORY NO. 4:** State the hourly or daily wage rate and any supplemental or special wages or allowances that Defendant paid Plaintiff for the last 10 years through the present and the amount of any increases in the hourly or daily wage or cost of fringe benefits for members of Plaintiff's craft scheduled to take place during the next two years.

**ANSWER:** Objection, this Interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Pay increases are a negotiated term in Plaintiff's national labor union's agreement with Union Pacific. The applicable Collective Bargaining Agreement is equally available to Plaintiff. Without waiving said objections, see W-2's previously produced as UPRR Thompson 000257-260 and benefit costs produced here with.

**INTERROGATORY NO. 5:** State the cost to the railroad of all fringe benefits available to Plaintiff, itemized by type (e.g., health, vision, dental, etc.), for the five years before the June 20, 2017, incident alleged in Plaintiff's Complaint through the present.

**ANSWER:** See benefit costs as produced herewith.

**INTERROGATORY NO. 6:** Identify by name, address, occupation, and telephone number all persons known by Defendant to have knowledge of the facts that form the basis of the allegations of the Complaint and Answer filed in this matter, including the particular facts known to each individual.

**ANSWER:** Union Pacific objects to the extent this interrogatory seeks information protected by the work product doctrine and/or the attorney client privilege and is overly broad, vague as to "facts that form the basis of the allegations," and unduly burdensome, in part, because it asks Union Pacific to speculate as to the specific facts about which Plaintiff is inquiring. Without waiving said objection, Defendant states: Jeff Lawrence (knowledge of the event recorder data and facts surrounding Plaintiff's termination for failure to conduct an air brake test on July 5, 2017); Rusty Warner (inspected handbrake following June 20, 2017 incident); Jimmy Jackson (manager with knowledge of the alleged handbrake incident on June 20, 2017, Plaintiff's failure to use the brake stick and/or violation of company rules; coaching event concerning June 20, 2017 incident, took photographs relating to the June 20, 2017 incident, knowledge of scene where Plaintiff was allegedly injured); Tony Humphries (conducted post-accident inspection of handbrake following alleged June 20, 2017 incident). All of the foregoing witnesses may be contacted through Union Pacific's counsel. Alex Ball, (conductor who released the handbrake following the June 20, 2017 incident); BNSF Logistics, 2710 S. 48th St., Springdale, AR 72762, (501) 475-6420; D.A. Franklin (engineer onboard locomotive when Plaintiff failed to conduct air brake test on July 5, 2017 (Union Pacific Railroad Company, 1000 W. 4th St., North Little Rock, AR 72114); Troy Curtis, (Union Pacific Railroad Company, 1000 W. 4th St., North Little Rock, AR 72114 (engineer on duty at the time of the alleged June 20, 2017 handbrake incident); Jeff Watterson, Union Pacific Railroad Company, 1000 W. 4th St. Room 6 North Little Rock, AR 72114 (may have knowledge regarding Plaintiffs June 20, 2017 incident as well as safe working conditions, took photographs associated with the June 20, 2017 incident).

**INTERROGATORY NO. 7:** Identify any and all persons known to Defendant, its representatives, or its attorneys to have been present at the scene of the June 20, 2017 and July 5, 2017, incidents alleged in Plaintiff's Complaint within three hours before, at the time of, or within three hours after such incidents, including each person's name, address, occupation, and whether the person witnessed the incident.

**ANSWER:** Objection, this interrogatory is vague, indefinite, fails to request information with reasonable particularity, and seeks irrelevant information that is not likely to lead to the discovery of admissible evidence. It is also not tied to Plaintiff's claims or matters relevant to those claims. A person working in the area within three hours of either incident does not equate to having personal knowledge of matters relevant to Plaintiff's claims, particularly where this interrogatory fails to specify any further criteria other than being present within three hours before, at the time of, or within three hours after the incidents.

Without waiving said objections, Defendant states: Kenya Thompson, address unknown (knowledge of plaintiff's allegations). To the best of Defendant's knowledge, no one witnessed the June 20, 2017 incident. Upon information and belief, D.A. Franklin was present for the events of July 5, 2017. Jimmy Jackson and J.B. Bates may have been at the June 20, 2017 scene within three hours after the alleged hand brake incident.

**INTERROGATORY NO. 8:** State the name, job title or position, and address of each and every person, including foremen and supervisors, assigned to work with Plaintiff on June 20, 2017, July 5, 2017, and every workday in between.

**ANSWER:** Union Pacific objects to this Interrogatory as overly broad and unduly burdensome. Plaintiff is in a better position to provide this information than Union Pacific. Requiring Union pacific to identify all individuals is not reasonably feasible. Without waiving

sad objections, See answer to Interrogatory No. 7 and Plaintiff's Personnel file and employment documents attached hereto or previously produced.

**INTERROGATORY NO. 9:** State the name and address of each foreman, supervisor, manager, or other supervisory personnel, who observed, tested, wrote up, coached, or otherwise evaluated Plaintiff's job performance between June 20, 2017, and July 5, 2017.

**ANSWER:** See attached FTX report and MAPS Coaching Form previously produced as UPRR Thompson 000482-483.

**INTERROGATORY NO. 10:** Describe in detail and to the best of Defendant's ability the work or employment duties that Defendant assigned Plaintiff to perform at the time of the June 20, 2017, and July 5, 2017, incidents alleged in Plaintiff's Complaint.

**ANSWER:** See attached job description. At the time of the June 20, 2017 incident, Plaintiff was releasing the handbrakes, which were part of her routine duties as a conductor. On July 5, 2017 Plaintiff was performing duties as a conductor in picking up cars in Bald Knob, Arkansas, at which time she was supposed to perform a required air brake test.

**INTERROGATORY NO. 11:** During the three years immediately before the June 20, 2017, incident, did Defendant receive any reports, complaints, notices, or anything of the like concerning Defendant's handbrakes such as the handbrake involved in Plaintiff's reported injury?

**ANSWER:** Defendant objects to this request to the extent it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects as over broad and unduly burdensome. Without waiving said objections, attached are the maintenance records for the car and handbrake involved in the June 20, 2017 incident for one year before the accident until one year after the incident.

**INTERROGATORY NO. 12:** List the names of any person that informed Defendant, including, but not limited to, foremen, supervisors, and/or management, of any problems, defects, concerns, or operational/safety issues pertaining to the subject handbrake for the period of five years before the June 20, 2017, incident through the present, including who those individuals informed and when Defendant received that information.

**ANSWER:** Defendant objects to the extent this interrogatory seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects as overbroad and unduly burdensome. Without waiving said objection, see attached car history maintenance and inspection report from June 20, 2016 to June 20, 2018.

**INTERROGATORY NO. 13:** State the name, address, and employer of all persons who inspected the scene of the June 20 and July 5, 2017, incident or the equipment, tools, or appliances involved in the June 20 and July 5, 2017, incident during the 72 hours before or after the incident.

**ANSWER:** Objection to the extent this interrogatory is vague and ambiguous in that there was no equipment involved in the July 5, 2017 failure to conduct an air brake test. Without waiving said objections, Rusty Warner and Tony Humphries inspected the handbrake and car as previously noted. In addition Jimmy Jackson would have gone to the scene following the June 20, 2017 incident. Jeff Watterson took photographs relating to the June 20, 2017 incident.

**INTERROGATORY NO. 14:** State the name, address, and employer of those persons known to Defendant to have inspected the subject railcar and/or handbrake during the period of three years before the June 20, 2017, incident to the present.

**ANSWER:** Objection to the extent this interrogatory seeks irrelevant information and/or is unduly burdensome. Presumably, every conductor who set the handbrake on the subject rail

car would have looked at the equipment before using it and for this reason, this request is over broad and unduly burdensome. Union Pacific has no records from which it could reasonably obtain information as to when the handbrake was set on this particular car and if so which employees set it. Without waiving said objection see response to Interrogatory Number 12 and documents produced therewith.

**INTERROGATORY NO. 15:** Identify all reports prepared concerning the allegations alleged in Plaintiff's Complaint, except for those generated by claim or legal department personnel, and, for each report, state the name and address of the individuals who prepared the report, the date they prepared it, who directed its preparation, and to whom they disseminated the report.

**ANSWER:** Objection, vague, unduly burdensome and seeks irrelevant information, in part, because this request seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1). Without waiving said objections, see attached management manager's report, AIRS report, and Form 6180.98. These reports are prepared pursuant to standard procedures. The Manager's report would have been sent to appropriate safety and transportation department personnel.

**INTERROGATORY NO. 16:** State whether Defendant, or anyone acting on Defendant's behalf, obtained and/or possesses any written or recorded statements from anyone who witnessed the allegations alleged in Plaintiff's Complaint or who has any knowledge concerning the incidents, injuries, disabilities, investigation, or termination that Plaintiff suffered; and, if so, state the name and address of each person who gave a statement.

**ANSWER:** Troy Curtis gave a statement concerning June 20, 2017 incident. Ms. Thompson, Jeff Lawrence, and D.A. Franklin testified at the July 20, 2017 hearing concerning

the July 5, 2017 incident. Kenya Thompson also gave a recorded statement concerning the June 20, 2017 handbrake incident as well as completed a 52032.

**INTERROGATORY NO. 17:** State whether Plaintiff was formally charged with a violation of a rule, order, or directive at any time during her employment; and, if so, state the date of the charge, the rules, orders, or directives that Plaintiff allegedly violated, the date and location of each investigation or hearing concerning the violation, whether any discipline was assessed against Plaintiff because of the violation, the nature of the discipline so assessed, and the name of Defendant's employees involved in the decision to charge and/or discipline Plaintiff.

**ANSWER:** Plaintiff was previously charged and disciplined as a result of an incident on February 9, 2014 for violation of GCOR 6.28 for failing to operate a remote locomotive at speed that allowed stopping in half the range of vision resulting in damage to a locomotive and seven cars. That charge eventually resulted in an SIP1 pursuant to Union Pacific's discipline policy. The initiating manager was Jerry Rochelle.

Plaintiff was terminated on January 30, 2015 as result of a January 8, 2015 incident and she was charged with violating Rules 6.31, maximum authorized speed, and 6.32.2. A hearing was conducted on January 23, 2015. The hearing was conducted by manager J.W. Rochelle and Manager of Operating Practices B.A. Landrum was the charging manager.

Plaintiff was terminated following an investigation on July 20, 2017 concerning her violation of Rule 30.3.2 and failure to conduct the initial terminal air brake test class I procedure. The plaintiff failed to conduct an air brake test pursuant to federal regulations. A hearing was conducted on July 20, 2017 in North Little Rock Arkansas. The manager who conducted the hearing was J.D. Brooks and the Manager of Road Operations J.M. Lawrence was the charging

manager. Plaintiff was terminated based upon her prior disciplinary history and her then-current MAPS status.

Plaintiff was disciplined effective November 2, 2016 for attendance issues.

Plaintiff was coached by Jimmy Jackson concerning the June 20, 2017 handbrake incident for failing to adhere to Union Pacific's policies, including a using a brake stick.

Also, see responsive employment and disciplinary documents attached hereto.

**INTERROGATORY NO. 18:** Identify by name, address, occupation, place of employment, and qualifications to give an opinion, or, if such information is available on the expert's curriculum vitae, attach same, each person you expect to call as an expert witness at the trial of this matter, describe the general nature of the subject matter on which each expert is expected to testify, and state the expert's hourly deposition fee.

**ANSWER:** Union Pacific does not yet know whom it will call as an expert witness at the trial of this matter but will supplement this response pursuant to the Scheduling Order or prior agreement of counsel.

**INTERROGATORY NO. 19:** Identify each non-retained expert witness, including a party, that you expect to call at trial who may provide expert witness opinion testimony by providing the expert's name, address, and field of expertise. Also, state any opinions to which the expert will testify at trial.

**ANSWER:** Union Pacific does not know whom it will call as non-retained expert witnesses at the trial of this matter, but to the extent the following employees have knowledge obtained as result of their training and experience in the railroad industry, Union Pacific designates Jeff Lawrence as a witness who may testify as to the event recorder, event recorder downloads, interpretation of the event recorder downloads, function and operation of

handbrakes, Ms. Thompson's disciplinary/MAPS status, de-certifiable offenses, Union Pacific rules and policies concerning MAPS/disciplinary issues, the use handbrakes and the conduct of required air brake test. Mr. Lawrence also has knowledge of the use of brake sticks and Union Pacific's policy concerning brake sticks. Jimmy Jackson may be called upon to testify as to the operation of handbrakes, including the proper procedures for releasing handbrakes under various conditions, the use of brake sticks, as well as Union Pacific's policies and rules concerning handbrakes and brake sticks. Rusty Warner and Tony Humphries may be called upon to testify as to their post-accident inspection of the handbrake allegedly involved in the June 20, 2017 incident. Both of these witnesses have knowledge as to the mechanical operation of the handbrake, the result of their inspection of the handbrake, and the effect of applying air to a car to release a hand brake. Jason Culp may be called upon to testify as to the mechanical function of hand brakes and the effects of charging the system with air on releasing the hand brake, and the function of the hand brake at issue. Any and all Union Pacific managers including Jeff Lawrence and Jimmy Jackson may testify as to Union Pacific's disciplinary policy and/or maps policy including the de-certifiable offenses and assessment of discipline under varying circumstances, as well as procedures to follow to apply air to a car to release a hand brake.

**INTERROGATORY NO. 20:** For the five years preceding the incident to present, identify by name, address, and subdivision each of Defendant's conductors who have been terminated for allegedly failing to perform a Class 1 Air Brake Test and indicate which of those conductors reported an on-duty injury in the year preceding their termination.

**ANSWER:** Union Pacific objects to this interrogatory because it seeks irrelevant information which is a not likely to lead to the discovery of admissible evidence. Further, it is overly broad and unduly burdensome and Union Pacific does not maintain records in a manner

that would allow it to provide the information requested that without undue burden. This request seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26 (a)(1). Further, this interrogatory is objectionable because it seeks personal and confidential information concerning individuals not parties to this lawsuit. Plaintiff was not permanently terminated because she failed to conduct an air brake test, but was permanently terminated based on her disciplinary history and Union Pacific's Maps Policy.

**INTERROGATORY NO. 21:** For the five years preceding the incident to present, identify by name, address, and subdivision each of Defendant's conductors who have been charged with allegedly failing to perform a Class 1 Air Break Test and indicate what discipline, if any, was assessed including but not limited to termination, suspension, and/or probation.

**ANSWER:** Union Pacific objects to this interrogatory because it seeks irrelevant information which is not likely to lead to the discovery of admissible evidence. Further, it is overly broad and unduly burdensome and Union Pacific does not maintain records in a manner that would allow it to provide the information requested that without undue burden. This request seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26 (a)(1). Further, this interrogatory is objectionable because it seeks personal and confidential information concerning the individuals not parties to this lawsuit. Plaintiff was not permanently terminated because she failed to conduct an air brake test, but was permanently terminated based on her disciplinary history and Union Pacific's MAPS Policy.

**INTERROGATORY NO. 22:** State the name, address and job title of the person answering these interrogatories.

**ANSWER:** Defendants object to this interrogatory to the extent it seeks to invade the attorney-client privilege and/or work-product doctrine. Subject to these objections and without

waiving same, Union Pacific states that employees of Union Pacific, in some instances in conjunction with counsel for Union Pacific, prepared the Answers to these Interrogatories. Without waiving said objections, see attached verification page.

Respectfully submitted,

JOSEPH P. MCKAY, #99006
KHAYYAM M. EDDINGS, #2002008
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone: (501) 376-2011
Facsimile: (501) 376-2147

By *Josh Ashley (2012051) for:*
JOSEPH P. MCKAY, # 99006
jmckay@fridayfirm.com
KHAYYAM M. EDDINGS, # 2002008
keddings@fridayfirm.com

*Attorneys for Defendant Union Pacific Railroad Company*

## CERTIFICATE OF SERVICE

I, Joshua C. Ashley, hereby certify that a true and correct copy of the foregoing has been served on May 3, 2019 via regular mail and email to the following:

Mr. Nelson G. Wolff
Mr. Patrick E. Poston
Schlichter, Goard & Benton, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115 (phone)
Email: nwolff@uselaws.com

                                                JOSHUA C. ASHLEY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| KENYA THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 4:18CV00905 - SWW |
| v. ) | |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

## VERIFICATION OF UNION PACIFIC RAILROAD COMPANY'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

STATE OF NEBRASKA  )
                   ) ss.
COUNTY OF DOUGLAS  )

Tammy R. Potter, Affiant, being first duly sworn according to law, and upon oath, declares:

1. That Affiant is a Senior Manager of Legal Support Services for Union Pacific Railroad Company upon which the Plaintiffs First Interrogatories were served and upon whose behalf Affiant makes this declaration.

2. That Affiant is authorized on behalf of Union Pacific Railroad Company to make this declaration and that Affiant has read the foregoing Plaintiff's First Interrogatories propounded to Defendant Union Pacific Railroad Company in the action entitled Thompson v. Union Pacific Railroad Company.

3. That the Plaintiff's First Interrogatories seek information from Union Pacific Railroad Company, and that no one individual employee of this corporation has personal

1

knowledge of the information so as to permit that one individual to fully and completely respond to all subjects addressed within these Interrogatories.

4. That while Affiant does not have personal knowledge of the facts cited therein, the information was collected and the responses were made only after a reasonable search for information relating to the subject Interrogatories.

5. Therefore, on information and belief, Affiant believes the attached Responses to the subject Interrogatories to be complete and accurate to the best of Affiant's knowledge, based upon the information available at this time.

FURTHER AFFIANT SAYETH NAUGHT.

IN WITNESS HEREOF, Union Pacific Railroad Company has caused the attached Responses to be executed on its behalf this 3rd day of May, 2019, by:

_____
on behalf of Union Pacific Railroad Company

SUBSCRIBED TO AND SWORN before me this 3rd day of May, 2019.

_____
Notary Public

My commission expires:

March 5, 2020
(Seal)

GENERAL NOTARY - State of Nebraska
BRENDA L. FREDERICK
My Comm. Exp. March 5, 2020

2