UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KENYA THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 4:18CV00905 - SWW |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## UNION PACIFIC RAILROAD COMPANY'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

Comes now the Defendant Union Pacific Railroad Company, and for its Responses and Objections to Plaintiff's First Requests for Production Directed to Defendant states:

**REQUEST FOR PRODUCTION NO. 1:**  All materials reflecting or containing statements made by Plaintiff regarding the underlying lawsuit and/or the incidents described in Plaintiff's Complaint, including, but not limited to, recordings, signed or unsigned written statements, emails, memoranda, other documents containing statements, and/or transcribed statements.

**RESPONSE:**  See Plaintiff's 52032 previously produced as UPRR Thompson 000001-2, the investigative hearing transcript previously produced as UPRR Thompson 000322-000352, and recorded interview previously produced as UPRR Thompson 000656-735.

**REQUEST FOR PRODUCTION NO. 2:**  All materials reflecting or containing statements made by any person concerning the underlying lawsuit and/or the incidents described in Plaintiff's Complaint, including, but not limited to, recordings, signed or unsigned written

1

EXHIBIT
2

statements, emails, memoranda, other documents containing statements, and/or transcribed statements.

**RESPONSE:**  Objection to the extent this request seeks information protected by the work product doctrine and/or the attorney client privilege.  Without waiving said objections, see Union Pacific's response to Request for Production number 1 and the recorded statement of Mr. Curtis attached hereto.

**REQUEST FOR PRODUCTION NO. 3:**  Plaintiff's pay records kept by Defendant reflecting gross, net monthly, and annual earnings and contributions to any 401(k) plan from 2013 to the present.

**RESPONSE:**  Objection to the extent this request is overbroad and unduly burdensome. Without waiving said objections, see W-2s previously produced as UPRR Thompson 000257-260 and wages-bimonthly payroll information for the years 2014 through 2017 previously produced as UPRR Thompson 00247-00256.

**REQUEST FOR PRODUCTION NO. 4:**  Records reflecting the annual value of fringe benefits available to Plaintiff pursuant to her employment, as represented by the cost to the railroad for each itemized benefit, for the five years before the subject incident through the present.

**RESPONSE:**  See attached benefit cost for the years 2010 through 2019.

**REQUEST FOR PRODUCTION NO. 5:**  Plaintiff's personnel file and/or personal file kept by Defendant.

**RESPONSE:**  See Human Factors Report previously produced as UPRR Thompson 000009-16, employee profile report previously produced as UPRR Thompson 000017-29, and PR file records attached hereto.

**REQUEST FOR PRODUCTION NO. 6:**  The medical director's file of Plaintiff kept by Defendant and other medical records related to Plaintiff in Defendant's possession, custody, or control, including, but not limited to, medical, hospital, nursing, and consult records or reports concerning Plaintiff.

**RESPONSE:**  See attached medical director's file and medical records.

**REQUEST FOR PRODUCTION NO. 7:**  Plaintiff's rehabilitation file kept by Defendant and other rehabilitation records related to Plaintiff in Defendant's possession, custody, or control.

**RESPONSE:**  To the best of Defendant's knowledge, there are no such records for Plaintiff.

**REQUEST FOR PRODUCTION NO. 8:**  Reports of pre-employment or other physical examinations of Plaintiff during her employment with Defendant.

**RESPONSE:**  Any responsive information would be contained within the medical directors file produced here with.

**REQUEST FOR PRODUCTION NO. 9:**  Plaintiff's attendance and work history records kept by Defendant from 2013 through the present.

**RESPONSE:**  Objection, over broad, unduly burdensome and seeks irrelevant information, in part because this request seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1). Without waiving said objections, see on-duty/off-duty reports previously produced as UPRR Thompson 000216-225 and additional off-duty/on-duty reports produced herewith.

**REQUEST FOR PRODUCTION NO. 10:**  All documents related to the settlement of any claims made by Plaintiff for work-related injuries before June 20, 2017, and documents related to any such injuries.

**RESPONSE:**  Defendant is not aware of Plaintiff settling work-related injuries before June 20, 2017.

**REQUEST FOR PRODUCTION NO. 11:**  All materials, including, but not limited to, electronic files, emails, memoranda, database materials, and other documents regarding Plaintiff's on-duty injury, Plaintiff's medical condition, Defendant's medical management of Plaintiff's condition, Defendant's determination of Plaintiff's fitness for duty, Defendant's vocational management of Plaintiff, Defendant's consideration of internal or external placement of Plaintiff, Defendant's job accommodations for Plaintiff, and termination.

**RESPONSE:**  Defendant objects to this request for production as overbroad, unduly burdensome, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.  Further, this request fails to identify documents with reasonable particularity and is therefore objectionable.  Without waiving said objections, see all documents produced with Union Pacific's initial disclosures as well as all documents produced herewith. Also, without waiving said objections, Plaintiff returned to work without any restrictions or lost time following the June 20, 2017 incident, and therefore, there was no fitness for duty evaluation, vocational management, medical management of Plaintiff's condition, consideration of internal or external placement of Plaintiff, or job accommodations for plaintiff.

**REQUEST FOR PRODUCTION NO. 12:**  Any documents or records that Defendant possesses from any expert witness who Defendant may call at trial.

**RESPONSE:**  Defendant objects to this request for production to the extent it seeks documents protected by the work product doctrine or the attorney-client privilege.  Defendant also objects in that this request is overbroad, unduly burdensome, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and/or evidence unrelated to this case and because this request seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1). Defendant also objects to the extent that this request seeks information which is privileged, protected, and beyond the scope of the Federal Rules of Civil Procedure 26(b)(4) which protects draft reports, disclosures and communications between the parties attorney's and expert witnesses, except to the extent the communications relate to the compensation except as stated within that rule.  Without waiving said objections Union Pacific does not know whom it will call as expert witnesses at trial but will provide expert information pursuant to the Federal Rules of Civil Procedure and/or the Court's Scheduling Order.

**REQUEST FOR PRODUCTION NO. 13:**  All photographs, videotapes, motion pictures, or surveillance of any type taken of Plaintiff.

**RESPONSE:**  Defendant objects to this request to the extent it seeks information protected by the work production doctrine and information that is confidential and proprietary. Without waiving said objections, Defendant has no surveillance video of Plaintiff, and TIR video and video inside the cab camera on July 5, 2017 will be produced subject to protective order acceptable to Union Pacific.

**REQUEST FOR PRODUCTION NO. 14:**  All documents, reports, logs or other materials generated or maintained by Defendant regarding Plaintiff's subject injury incident and termination.

**RESPONSE:**   Defendant objects to the extent this request is overbroad, unduly burdensome, may seek documents protected by the attorney-client privilege and/or work product doctrine, and fails to seek documents with reasonable particularity.   Without waiving said objections, see all documents produced with Union Pacific's initial disclosures as well as those produced in response to plaintiff's requests for production.   Without waiving said objections, see documents entitled "showdocument0," "claim detail," and "showdocument1" relating to the July 5, 2017 air brake test incident.

**REQUEST FOR PRODUCTION NO. 15:**   All photos or video images of the railcar involved, including but not limited to the handbrake, identifying the date the photo/image was taken.

**RESPONSE:**   See photos previously produced as UPRR Thompson 000267-31 and the photo sheet previously produced as Thompson 00313-318.   In addition, see additional photos attached hereto.   To the best defendant's knowledge, these additional photos were taken by Jimmy Jackson on about June 21, 2017.

**REQUEST FOR PRODUCTION NO. 16:**   All reports reflecting inspection, maintenance and repair of the subject railcar, including but not limited to the handbrakes.

**RESPONSE:**   Union Pacific objects of extent of this request is overbroad and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Further, this request is objectionable because it seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1).   Without waiving said objection see inspection report previously produced as UPRR Thompson 000261-266, and attached car history report for June 20, 2016 through June 20, 2018.

**REQUEST FOR PRODUCTION NO. 17:**  All medical, hospital, nursing and consult records or reports, and S2R records or reports concerning Plaintiff not otherwise contained in the medical director's file.

**RESPONSE:**  See attached medical records and medical director's file.

**REQUEST FOR PRODUCTION NO. 18:**  All train orders, work orders and consists lists regarding the work that Plaintiff was assigned to perform on the date of the reported injury.

**RESPONSE:**  Objection, this request seeks irrelevant information not reasonable calculated to lead to the discovery of admissible evidence. Without waiving said objections, see attached documents.

**REQUEST FOR PRODUCTION NO. 19:**  A copy of any recommendations, standards, specifications or regulations pertaining to inspecting, maintaining, repairing and/or performing preventive maintenance or repairs relating to Defendant's wheel style handbrakes, the type of which Plaintiff operated at the time of the subject incident, within three years prior to the subject incident, to the present, from the manufacturer/reseller/maintainer of said equipment or the FRA, the AAR or OSHA.

**RESPONSE:**  Objection to the extent this request is overbroad, unduly burdensome, and seeks irrelevant information not reasonably calculated to lead to discovery of admissible evidence.  Further, this request seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1). Without waiving said objections, see attached car history report and post-accident inspection previously produced.

**REQUEST FOR PRODUCTION NO. 20:**  A copy of all records, notes or minutes from any safety meetings with employees of Plaintiff's craft in the subdivision(s) in which she

worked, held within five years prior to the subject incident through the present identifying safety issues relating to handbrakes.

**RESPONSE:**  Union Pacific objects to this Request because it is not limited to the relevant subject matter of this lawsuit.  Without waiving said objections, safety meetings were likely held with members of Plaintiff's craft. Generally, minutes of these meetings are not maintained and due to the passage of time, Union Pacific is not certain if any such records exist. Members of Plaintiff's craft or union may possess minutes or notes concerning meetings. Discovery and investigation continues, Union Pacific reserves the right to supplement this response.  Further, Union Pacific employees go through periodic training on applicable rules and are responsible for knowing and following applicable rules and policies, which would include information related to the use of handbrakes, brake sticks, and not using excessive force. Without waiving said objections, see training events within Plaintiff's personnel records.

**REQUEST FOR PRODUCTION NO. 21:**  All reports, documents, notes or other materials which contain information from any of Defendant's employees advising Defendant, its foremen, or supervisors, of safety concerns or injuries related to the use of wheel style handbrakes for the period of five years prior to the subject incident through the present.

**RESPONSE:**  Union Pacific objects to this Request as it is overly broad, unduly burdensome and not limited to the specific tank car in question.  Without waiving said objection, Union Pacific will conduct a reasonable investigation to determine whether it has responsive documents with respect to wheel styled hand brakes on rail cars.

**REQUEST FOR PRODUCTION NO. 22:**  All manager reports of injury, all AIRS reports, and reports of remediation relating to the subject incident.

**RESPONSE:**  See attached Managers Report and AIRS Report.  Union Pacific objects to the portion as to remediation because such request seeks irrelevant information unlikely to lead to the discovery of admissible evidence. Without waiving said objections, none.

**REQUEST FOR PRODUCTION NO. 23:**  All records reflecting the consideration and assessment of discipline on Defendant's employees or others for responsibility causing the subject injury incident.

**RESPONSE:**  See the MAPS coaching form previously produced as UPRR Thompson 000482-483.

**REQUEST FOR PRODUCTION NO. 24:**  All letters, memoranda, summaries or other documents referring to rehabilitation or internal placement concerning Plaintiff including but not limited to, potential offers of jobs to Plaintiff, and Plaintiff's Fitness for Duty during her employment.

**RESPONSE:**  The plaintiff returned to work immediately after the June 20, 2017 incident and therefore Union Pacific has no information responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**  All transcripts of any hearings regarding any alleged violation of a rule, order, or directive concerning the subject incidents.

**RESPONSE:**  Objection, Plaintiff has equal access to such documents and already possesses such information.  Without waiving said objection, see documents previously produced with Defendant's Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 26:**  All reports, documents, notes or other materials which contain information from any of Defendant's employees advising Defendant, its foremen, or supervisors of complaints, problems or defects related to the subject handbrake from five years prior to the subject incident through the present.

**RESPONSE:**   Objection, over broad and unduly burdensome. Without waiving said objections, to the best of Defendant's knowledge, none, but see car history report produced herewith.

**REQUEST FOR PRODUCTION NO. 27:**   All radio communications regarding the subject incidents, including but not limited to all radio communications between dispatcher and crew members on the date of the incidents.

**RESPONSE:** See attached .wav files.

**REQUEST FOR PRODUCTION NO. 28:**   A list of claims of injury reported by Defendant's employees while operating handbrakes, identifying the date of reported injury, the circumstances of the incident, the type of injury, the type of handbrake, and the identity of the injured party, for the period of five years before the subject incident through the present; including the injured party's written report of injury.

**RESPONSE:**   Defendant objects to the extent this request is overly broad, unduly burdensome, seeks information which is personal and confidential to individuals who are not a party to this lawsuit, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.  Further, this request seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1). Without waiving said objections, Union Pacific will agree to search for and provide a redacted list of claimed back injuries allegedly associated with hand brakes for Plaintiff's craft on the NLR Service Unit for a reasonably time period, if Plaintiff will agree revise this request as so stated.

**REQUEST FOR PRODUCTION NO. 29:**  All tangible and electronic documents, files, emails, memorandum, databases (including PowerLaw and MQA/FFD), communications and

other materials regarding Plaintiff's on-duty injury, medical condition, medical management, determination of fitness for duty, vocational management, consideration of internal or external placement, and job accommodations.

**RESPONSE:**  Union Pacific objects to this Request to the extent it is subject to various interpretations and is so overbroad that it may be construed as seeking proprietary or confidential information and/or materials protected by attorney-client privilege and/or attorney work product doctrine. Union Pacific objects to the extent this request is overbroad, unduly burdensome, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, and fails to identify information sought with reasonable particularity.  Defendant objects because this request fails to seek documents with reasonable particularity and seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1). Further, Defendant objects to the extent this request seeks information protected by the work product doctrine and/or the attorney client privilege. Without waiving said objection, Plaintiff returned to work immediately after her alleged personal injury on June 20, 2017 and so there is no information related to medical management, fitness for duty, vocational management, internal or external job placement, or job accommodations.  Also without waiving said objections see attached medical records, Medical Director's File, employee records, and all other documents produced with Union Pacific's initial disclosures, interrogatories, and/or in response to Plaintiff's request for production.

**REQUEST FOR PRODUCTION NO. 30:**  All materials, including, but not limited to, documents, reports, and logs in Defendant's possession that the Federal Railroad Administration or another government agency requires Defendant to keep that pertain to the incidents described in Plaintiff's Complaint.

**RESPONSE:** Union Pacific objects to this request as irrelevant, over broad, vague, and requires UP to speculate and/or determine agency requirements and/or what documents Plaintiff is requesting. Further, this request is objectionable in that it calls for the production of information protected by 49 U.S.C. § 20903. Subject to and without waiving this objection, see FRA Railroad Employee Injury And/Or Illness Record, and Form 6180.98, produced herewith.

**REQUEST FOR PRODUCTION NO. 31:** Recordings, including, but not limited to, audio, photographic, and video recordings, taken on June 20, 2017 and July 5, 2017, and involving Plaintiff or relating to the incidents described in Plaintiff's Complaint, including dispatcher and/or radio communications and inward and outward facing locomotive cameras.

**RESPONSE:** Defendant objects to the extent this request seeks information that is proprietary and confidential. Without waiting waiving said objection, available videos will be produced pursuant to an agreed protective order. See attached audio recordings.

**REQUEST FOR PRODUCTION NO. 32:** All reports or other materials concerning the incidents described in Plaintiff's Complaint that Defendant's employee(s) prepared or drafted, except for claim or legal department personnel, including supervisor's reports and inspection reports.

**RESPONSE:** Objection in that "other materials concerning the incidents described in Plaintiff's Complaint," is vague, over broad, unduly burdensome, seeks irrelevant information and seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1). Without waiving said objections, see the following documents which were either produced with Union Pacific's initial disclosures or produced herewith: car history/inspection report, 52032, managers' report, AIRS report.

**REQUEST FOR PRODUCTION NO. 33:**   All rules, memoranda, instructions, timetables, track bulletins, track warrants, or other hard copy items reflecting the working conditions and equipment involved in the June 20 and July 5, 2017, incidents.

**RESPONSE:**   Objection, vague and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, see attached System Special Instructions, Train List, Consist, General Orders, and Superintendent Bulletins, applicable to the June 20 and July 5, 2017 incidents.  In addition, see attached General Code of Operating Rules, Air Brake and Train Handling Rules, and Safety Rules applicable at the time of the incident.

**REQUEST FOR PRODUCTION NO. 34:**  All records reflecting the consideration and assessment of discipline on Defendant's employees or others for responsibility causing the July 5, 2017, incident and any other records reflecting the consideration and assessment of discipline on those assessed discipline in connection with the July 5, 2017, incident described in Plaintiff's Complaint.

**RESPONSE:**   Defendant objects to the extent this request is overbroad, unduly burdensome, argumentative, vague, ambiguous, assumes discipline was assessed for "causing the July 5, 2017" incident, seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and personal information concerning individuals not parties to this lawsuit.  Without waiving said objections, there was no discipline assessed for "causing the July 5, 2017 incident," though both the plaintiff and engineer were disciplined as indicated elsewhere in Defendant's discovery responses.   Also without waiving said objections, see documents previously produced concerning plaintiff's investigation hearing. Further, Defendant will produce notice of investigation sent to Mr. Dedrick Franklin as

well as his waiver notice accepting FRA suspension and MAPS training subject to an agreed protective order.

**REQUEST FOR PRODUCTION NO. 35:**  All video/track image recordings of the July 5, 2017, incident.

**RESPONSE:**   Objection, duplicative.   See response and objections to request for production number 31.

**REQUEST FOR PRODUCTION NO. 36:**  Event recorder data for the July 5, 2017, trip and incident.

**RESPONSE:**   See exhibits to investigation hearing previously produced as UPRR Thompson 000322-000352.   In addition, see the event recorder data table, the event recorder graph produced here with.

**REQUEST FOR PRODUCTION NO. 37:**  The "hot box reader" data for the July 5, 2017, trip and incident.

**RESPONSE:**   Union Pacific objects to the extent of this request seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence, is unduly burdensome, and seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1).

**REQUEST FOR PRODUCTION NO. 38:**  All letters, emails, memoranda, summaries, or other documents referring to:

    a.    Rehabilitation or internal placement concerning Plaintiff;

    b.    Any discipline, the possibility of issuing discipline, or the
          possibility of any disciplinary hearings regarding Plaintiff at any
          time after the date of the alleged injury; and

    c.  Plaintiff's termination.

**RESPONSE:**   Union Pacific objects to the extent this request is vague, overbroad, unduly burdensome, fails identify documents sought with reasonable particularity and seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1).  Defendant also objects to the extent this request seeks information protected by the attorney-client privilege and/or the work product doctrine.  Union Pacific also objects to the extent it is duplicative.   Without waiving said objections, see the documents produced in response to the numerous other requests for production seeking the same information.

**REQUEST FOR PRODUCTION NO. 39:**  All internal incident/injury reports, manager reports, AIRS reports, and/or other accident reports from the past five years that pertain to injuries similar to those suffered by Plaintiff.

**RESPONSE:**   Union Pacific objects to the extent this request for production is overbroad, unduly burdensome, unlimited in scope and craft, may seek information protected by the work product doctrine or the attorney-client privilege, and fails to seeks documents with reasonable particularity.   In addition, Union Pacific objects to the extent this request seeks irrelevant information which is not reasonably calculated to lead to the discovery of evidence, and seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1).

**REQUEST FOR PRODUCTION NO. 40:**   A copy of all records, notes, or minutes from all meetings regarding the incidents described in Plaintiff's Complaint.

**RESPONSE:**   Union Pacific objects to this request as being overbroad, unduly burdensome, it may seek information protected by the work product doctrine and/or the attorney

client privilege and to extent it seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence, fails to seeks documents with reasonable particularity.  Without waiving said objections, see the voluminous documents produced in response to these request for production and produced with Union Pacific's initial disclosures

**REQUEST FOR PRODUCTION NO. 41:**  All reports of any governmental or investigating group or agency relating in any way to the incidents described in Plaintiff's Complaint.

**RESPONSE:** Defendant objects to the extent this request seeks information equally available to Plaintiff. Without waiving said objections, to the best of Defendant's knowledge, there are no such said reports.

**REQUEST FOR PRODUCTION NO. 42:**  Any and all records of communications between Defendant and medical personnel that treated Plaintiff after the June 20, 2017, incident described in Plaintiff's Complaint, including communications about treatment of and preferred medical providers for Plaintiff's June 20, 2017, injury and any communications that mention, suggest, or instruct Plaintiff to not seek medical treatment.

**RESPONSE:**  Any responsive information would be contained within the Medical Director's File produced herewith. To the best of Defendant's knowledge, there is no responsive information concerning communications that mention, suggest, or instruct Plaintiff to not seek medical treatment.

**REQUEST FOR PRODUCTION NO. 43:**  All materials related to, documenting, or discussing discipline of conductors for failure to perform a Class 1 Air Brake Test for the five years preceding Plaintiff's termination.

**RESPONSE:**  Union Pacific objects to this request for production as overly broad, unduly burdensome, and seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence, may seek documents protected by the work product doctrine or the attorney client privilege, fails to seek documents with reasonable particularity, seeks confidential and personal information concerning individuals not parties to this lawsuit, and seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1).

**REQUEST FOR PRODUCTION NO. 44:**  A list of Defendant's conductors charged with failing to perform a Class 1 Air Brake Test, identifying the date of the purported rule violation, the circumstances of the violation, the discipline assessed, whether the conductor had reported an on-duty injury prior to the charge, and the identity of the party, for the period of five years before the subject incident through the present.

**RESPONSE:**  Union Pacific objects to this request for production as overly broad, unduly burdensome, and seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence, may seek documents protected by the work product doctrine or the attorney client privilege, fails to seek documents with reasonable particularity, seeks confidential and personal information concerning individuals not parties to this lawsuit, and seeks information that is disproportionate to the needs of the case considering the factors in Fed. R. Civ. P. 26(a)(1).

**REQUEST FOR PRODUCTION NO. 45:**  All records, reports, transcripts, or documents related to Defendant's charge, investigation and discipline of conductors charged with failing to perform a Class 1 Air Brake Test for the five years preceding the subject incident through the present.

**RESPONSE:**  Union Pacific objects to this request to the extent it is overbroad, unduly burdensome, seeks irrelevant information which is not reasonably calculated to lead to the discovery admissible evidence, and fails to seek documents with a reasonable particularity. Union Pacific also objects to the extent this request seeks information protected by the attorney-client privilege and/or the work product doctrine.  Defendant also objects also objects to the extent this request seeks confidential and personal information of individuals who are not parties to this litigation.  See Response and Objections to RFP 44 which are incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 46:**  All records, reports, transcripts, or documents related to Defendant's charge, investigation and discipline of engineers charged with failing to perform a Class 1 Air Brake Test for the five years preceding the subject incident through the present.

**RESPONSE:**  Union Pacific objects to this request to the extent it is overbroad, unduly burdensome, seeks irrelevant information which is not reasonably calculated to lead to the discovery admissible evidence, and fails to seek documents with a reasonable particularity. Union Pacific also objects to the extent this request seeks information protected by the attorney-client privilege and/or the work product doctrine.  Defendant also objects also objects to the extent this request seeks confidential and personal information of individuals who are not parties to this litigation.  See Response and Objections to RFP 44 which are incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 47:**  The complete personnel files for each of Defendant's conductors terminated for failure to perform a Class 1 Air Brake Test for the five years preceding the subject incident through the present.

**RESPONSE:**  Union Pacific objects to this request to the extent it is overbroad, unduly burdensome, seeks irrelevant information which is not reasonably calculated to lead to the discovery admissible evidence, and fails to seek documents with a reasonable particularity. Union Pacific also objects to the extent this request seeks information protected by the attorney-client privilege and/or the work product doctrine.  Defendant also objects also objects to the extent this request seeks confidential and personal information of individuals who are not parties to this litigation. See Response and Objections to RFP 44 which are incorporated herein by reference.

Respectfully submitted,

JOSEPH P. MCKAY, #99006
KHAYYAM M. EDDINGS, #2002008
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone:  (501) 376-2011
Facsimile:   (501) 376-2147

By _____
JOSEPH P. MCKAY, # 99006
jmckay@fridayfirm.com
KHAYYAM M. EDDINGS, # 2002008
keddings@fridayfirm.com

*Attorneys for Defendant Union Pacific*
*Railroad Company*

## CERTIFICATE OF SERVICE

I, Joshua C. Ashley, hereby certify that a true and correct copy of the foregoing has been served on May  3, 2019 via regular mail and email to the following:

Mr. Nelson G. Wolff
Mr. Patrick E. Poston
Schlichter, Goard & Benton, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102

_____
JOSHUA C. ASHLEY