UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KENYA THOMPSON                                                        PLAINTIFF

v.                                    No. 4:18-CV-905-SWW

UNION PACIFIC RAILROAD COMPANY                                       DEFENDANT

### UNION PACIFIC RAILROAD COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S JUNE 19, 2019 NOTICE OF VIDEOTAPED DEPOSITION OF CORPORATE DESIGNEE(S) OF UNION PACIFIC RAILROAD COMPANY

Comes now the Defendant, Union Pacific Railroad Company ("Defendant" or "Union Pacific"), and for its Responses and Objections to Plaintiff's June 19, 2019 Notice of Videotaped Deposition of Corporate Designee(s) of Union Pacific Railroad Company, states:

### STATEMENT REGARDING NON-WAIVER OF OBJECTIONS

Union Pacific is offering these objections ahead of the scheduled deposition as a courtesy and to define reasonable limitations on the matters noticed for deposition. By making these early objections, however, Union Pacific is not waiving its right to raise objections at the noticed deposition. If the following objections and limitations are not agreeable to Plaintiff, Union Pacific is available to discuss them with Plaintiff's counsel in an effort to avoid issues during the depositions.

### OBJECTION TO DATE OF DEPOSITION

Union Pacific objects to holding the noticed deposition on July 25, 2019. The breadth of noticed topics will require multiple witnesses and substantial preparation. Besides this, the parties need time to meet and confer on Union Pacific's objections below and bring any unresolved issues before the Court. Further, defense counsel has a previously scheduled out-of-town deposition on July 25, 2019.

1

EXHIBIT
5

## RESPONSES AND OBJECTIONS TO DESIGNATED MATTERS

**TOPIC NO. 1:**  The facts and circumstances surrounding Plaintiff's June 20, 2017 injury incident, including the conditions of work and equipment involved, inspections and investigations conducted by Defendant in the ordinary course of its business and/or pursuant to federal safety laws and regulations, including interviews, managers/supervisors reports, reports of inspection, photographs, reproductions of any videos, audio recordings, discipline consideration and assessment for responsibility in causing injury.

**RESPONSE TO NO. 1:**  Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is overly broad because it is not limited in time. It is also vague, in part because it relies on "and/or." *See RM Dean Farms v. Helena Chem. Co.*, No. 2:11-cv-105-JLH, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012). Union Pacific further objects to the extent this topic designates legal questions relating to federal safety laws and regulations, and to the extent it would invade attorney–client or work-product protections. *See In re Independent Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996).

Subject to the above objections, Union Pacific will produce a witness to address the facts and circumstances surrounding Plaintiff's June 20, 2017 incident.

**TOPIC NO. 2:**  The facts and circumstances surrounding Plaintiff's removal from Defendant's service after July 5, 2017, including the work and equipment at issue, investigations conducted by Defendant, including interviews, managers/supervisors reports, photographs, data recording/collection/analysis (including but not limited to event recorder data, audio recording(s), video recordings, dispatcher recordings, hot box data), discipline consideration and assessment of responsibility for any purported wrongdoing.

**RESPONSE TO NO. 2:**  Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. The use of the phrase "including but not limited to" fails to comply with Rule 30(b)(6). *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014). Union Pacific further objects to the extent this topic invades attorney–client or work-product protections. Union Pacific further objects to the designation of "hot box data" as part of this topic because hot-box data is irrelevant to this case.

Subject to the above objections, Union Pacific will produce a witness to address the facts and circumstances surrounding Plaintiff's removal from Union Pacific's service after July 5, 2017.

**TOPIC NO. 3:**  Defendant's description of job duties, responsibilities, and physical demands for the position of conductor and the materials that list, outline, describe, or otherwise indicate the job expectations, job responsibilities, or physical requirements, including the specific assignments to Plaintiff on June 20, 2017 and July 5, 2017.

**RESPONSE TO NO. 3:**  Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is overly broad because it is not limited in time.

Subject to the above objections, Union Pacific will produce a witness to address this topic based on information related to the topic as of June 20, 2017 and July 5, 2017.

**TOPIC NO. 4:**  All inspections, maintenance, repairs and defects of the subject railcar involved in Plaintiff's injury incident for three years prior to the incident through the present date.

**RESPONSE TO NO. 4:**  Union Pacific objects to this topic as overbroad to the extent it designates inspections, maintenance, repairs, and defects not related to handbrakes. Union Pacific further objects to this request as overbroad as to time.

Subject to the above objections, Union Pacific will produce a witness to address this topic as it relates to handbrakes and for the period from one year before and after the June 20, 2017 incident.

**TOPIC NO. 5:**  All recommendations, standards, specifications or regulations pertaining to inspecting, maintaining, repairing and/or performing preventive maintenance or repairs relating to Defendant's wheel-style handbrakes within three years prior to the subject incident through the present, from the manufacturer/reseller/maintainer of said equipment and/or the FRA, AAR, OSHA, or other agency.

**RESPONSE TO NO. 5:**  Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is vague, in part because it relies on "and/or." *See RM Dean Farms v. Helena Chem. Co.*, No. 2:11-cv-105-JLH, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012). It is also vague when referring to "recommendations," "preventative repairs," and the "maintainer of said equipment." Union Pacific further objects to the extent this topic designates legal questions relating to federal laws and regulations, and to the extent it would invade attorney–client or work-product protections. *See In re Independent Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996). Union Pacific further objects to this request as overly broad and disproportionate to the needs of the case because it essentially seeks all there is to know about handbrakes.

Subject to the above objections, Union Pacific will produce a witness to address general maintenance of wheel-style handbrakes, similar to the one used by plaintiff on June 20, 2017, at the time of the subject incident.

**TOPIC NO. 6**: All records, notes or minutes from any safety meetings with employees of Plaintiff's craft in the subdivision(s) in which she worked, held within five years prior to the subject incident through the present identifying safety issues relating to handbrakes.

**RESPONSE TO NO. 6**:  Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is overbroad as to time. It is also vague when referring to "safety meetings." It is also unduly burdensome.

**TOPIC NO. 7:** Diagrams, photographs, track image recordings, sketches, reports or other tangible documents or items depicting Plaintiff or the condition of the subject railcar and handbrake on June 20, 2017.

**RESPONSE TO NO. 7**  Union Pacific objects to the extent this topic would invade attorney–client or work-product protections.

Subject to the above objections, Union Pacific will produce a witness to address this topic.

**TOPIC NO. 8:** All dispatcher/radio communication records from the date of the subject June 20, 2017 and July 5, 2017 related to Plaintiff's job tasks and Plaintiff's injury incident.

**RESPONSE TO NO. 8:**  Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is vague when referring to "communication records."

Subject to the above objections, Union Pacific will produce a witness to address this topic, if such information exists.

**TOPIC NO. 9:** Defendant's safety rules, policies, practices, and procedures in place on June 20, 2017 regarding the use of wheel-style handbrakes, and Plaintiff's compliance with such rules, policies, practices, and procedures.

**RESPONSE TO NO. 9:**  Union Pacific will produce a witness to address this topic.

**TOPIC NO. 10:** Defendant's safety rules, policies, practices, and procedures in place on July 5, 2017 regarding performing air tests, and Plaintiff's compliance with such rules, policies, practices, and procedures.

**RESPONSE TO NO. 10:**  Union Pacific will produce a witness to address this topic.

**TOPIC NO. 11:** Defendant's policies, practices, and procedures in place on July 5, 2017 regarding protocol for addressing/responding to an employee's purported rule violation(s), including but not limited to, investigatory processes and assessment of discipline.

**RESPONSE TO NO. 11:**  Union Pacific objects to the extent this topic would invade attorney–client or work-product protections. Union Pacific further objects to this request as overly broad and irrelevant to the extent Plaintiff means "rule violations" outside the safety context.

Subject to the above objections, Union Pacific will produce a witness to address this topic.

**TOPIC NO. 12:** All rules, bulletins, memoranda, instructions, videos, timetables, or other tangible items which communicated any warnings or information to Plaintiff regarding the use of wheel-style handbrakes during the course of Plaintiff's career with Defendant through the present date.

**RESPONSE TO NO. 12:** Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is vague and overbroad when referring to "other tangible items" and "information." Union Pacific further objects to this request as unduly burdensome and disproportionate to the needs of the case because it essentially seeks every direct and indirect communication about handbrakes that Plaintiff might have seen during her career with Union Pacific.

Subject to the above objections, Union Pacific will produce a witness to address rules and other instructions about wheel-style handbrakes that were generally communicated at the time of the subject incident.

**TOPIC NO. 13:** A list of claims of injury reported by Defendant's employees while operating wheel-style handbrakes, including the date of reported injury, the circumstances of the incident, the type of injury, and the identity of the injured party, for the period of five years before June 20, 2017 through the present; including the injured party's written report of injury.

**RESPONSE TO NO. 13:** Union Pacific objects to this topic because it seeks confidential information relating to claims by individuals who are not parties to this litigation. Union Pacific also objects to this request as overbroad as to time. Union Pacific further objects because this topic is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeks irrelevant information because it is not limited to those whose employment and claimed injury are similar to Plaintiff's. Union Pacific further objects because this topic is irrelevant because the fact that other employees have claimed an injury does not establish anything relevant to this case. Union Pacific further objects because this information is more appropriately provided in the form of a list itself, which, subject to Union Pacific's objections to Plaintiff's First Requests for Production, has already been produced to Plaintiff as UPRR THOMPSON 003860–003861. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

**TOPIC NO. 14:** All reports, documents, notes or other materials which contain information from any of Defendant's employees advising Defendant, its foremen, or supervisors, of safety concerns, injuries, problems, complaints, or defects related to the use of wheel-style handbrakes, including the subject handbrake, for the period of five years prior to June 20, 2017 through the present.

**RESPONSE TO NO. 14:** Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is vague when referring to "other

materials" and "including." Union Pacific further objects to this topic because it seeks confidential information relating to claims by individuals who are not parties to this litigation. Union Pacific further objects because this topic is irrelevant because the fact that other employees have reported issues with handbrakes does not establish anything relevant to this case. Union Pacific further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Union Pacific further objects because this topic is overbroad as to time. Union Pacific further objects because this information is more appropriately provided in the form of a written report, which has been produced to Plaintiff in discovery as UPRR THOMPSON 003887–003891. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

**TOPIC NO. 15:** All correspondence, e-mails, and/or text messages regarding Plaintiff's June 20, 2017 injury incident and Plaintiff's work performed on July 5, 2017, sent from or to Defendant's employees, excluding those sent by defense counsel.

**RESPONSE TO NO. 15:** Union Pacific objects to the extent this topic would invade attorney–client or work-product protections. Union Pacific further objects because this topic is unduly burdensome. Union Pacific further objects because this information is more appropriately provided in the form of the written communications themselves, which—except as covered by attorney–client privilege or work-product protection—have already been produced to Plaintiff in discovery. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

**TOPIC NO. 16:** Plaintiff's personnel, employment, training, work attendance, discipline, testing, medical, and vocational rehabilitation files maintained by Defendant.

**RESPONSE TO NO. 16:** Union Pacific objects because this information is more appropriately provided in the form of the documents themselves, which, to the extent they exist, have already been produced to Plaintiff in discovery, including UPRR THOMPSON 000003–000029; 000216–000225; 000236–000246; 000247–000256; 000319–000655; 000739–000743; 002572–002578; 002593–002594; and 003524–003584. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014). Also, to the best of Union Pacific's knowledge, there is no vocational rehabilitation file on Plaintiff.

**TOPIC NO. 17:** Defendant's assessment of Plaintiff's medical/physical condition and functioning, and fitness for duty during her employment with Defendant

**RESPONSE TO NO. 17:** Union Pacific objects because this information is more appropriately provided in the form of the documents themselves, which have already been produced to Plaintiff in discovery in the form of the Medical Director's File. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014). Union Pacific further objects because this topic designates irrelevant information.

**TOPIC NO. 18:** Earnings of Plaintiff and the three persons listed above and below Plaintiff on the applicable seniority roster from 2013 through the present.

**RESPONSE TO NO. 18:** Union Pacific objects because this information is more appropriately provided in the form of a chart, which has already been produced to Plaintiff in discovery as UPRR THOMPSON 003436 & 003886. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

**TOPIC NO. 19:** All train orders, work orders, trip details, and consist lists regarding the work that Plaintiff was assigned to perform on June 20, 2017 and July 5, 2017.

**RESPONSE TO NO. 19:** Union Pacific objects because this information is more appropriately provided in the form of the documents themselves, which have already been produced to Plaintiff in discovery, including UPRR THOMPSON 000955–000974; 003585–003856. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

**TOPIC NO. 20:** Recordings, including, but not limited to, audio, photographic, and video recordings, taken on June 20, 2017 and July 5, 2017, and involving Plaintiff or relating to the incidents described in Plaintiff's Complaint, including dispatcher and/or radio communications and inward and outward facing locomotive cameras.

**RESPONSE TO NO. 20:** Union Pacific objects because this information is more appropriately provided in the form of the recordings themselves, which have already been produced to Plaintiff in discovery, or—with regard to the track-image-recorder recordings—will be produced upon the entry of a mutually agreeable protective order. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

**TOPIC NO. 21:** All event recorder data for the subject train(s) on which Plaintiff was working on June 20, 2017 and July 5, 2017.

**RESPONSE TO NO. 21:** Union Pacific objects because this information is more appropriately provided in the form of the data itself, which—in the case of the July 5, 2017 event recorder data—has already been produced to Plaintiff in discovery as UPRR THOMPSON 001021–001908, or—in the case of any June 20, 2017 event recorder data—is not relevant. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

**TOPIC NO. 22:** The "hot box reader" data for the July 5, 2017 trip.

**RESPONSE TO NO. 22:** Union Pacific objects because "trip" is vague, and because this information is not relevant.

**TOPIC NO. 23:** All tangible and electronic documents, files, emails, memorandum, databases (including PowerLaw and MQA/FFD), communications and other materials regarding Plaintiff's on-duty injury, medical condition, medical management, determination of fitness for duty, vocational management, consideration of internal or external placement, and job accommodations.

**RESPONSE TO NO. 23:** Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is vague when referring to "other materials" and "including." Union Pacific further objects to the extent this topic would invade attorney–client or work-product protections. Union Pacific further objects because this information is more appropriately provided in the form of the materials themselves, which— except those that are privileged, work-product protected, or involve confidential information of third-parties—have already been produced to Plaintiff in discovery. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

**TOPIC NO. 24:** All rules, memoranda, instructions, timetables, track bulletins, track warrants, or other hard copy items reflecting the working conditions and equipment involved in the June 20 and July 5, 2017, incidents.

**RESPONSE TO NO. 24:** Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is vague when referring to ""working conditions and equipment involved." Union Pacific further objects to the extent this topic would invade attorney–client or work-product protections. Union Pacific further objects because this topic is overly broad and designates irrelevant information. Union Pacific further objects because this information is more appropriately provided in the form of the materials themselves, which— except those that are privileged or work-product protected—have already been produced to Plaintiff in discovery, including as UPRR THOMPSON 001911; 002595–003435; 003437– 003523; and 003864–003881. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

**TOPIC NO. 25:** Any and all records of communications between Defendant and medical personnel that treated Plaintiff after the June 20, 2017, incident described in Plaintiff's Complaint, including communications about treatment of and preferred medical providers for Plaintiff's June 20, 2017, injury and any communications that mention, suggest, or instruct Plaintiff to not seek medical treatment.

**RESPONSE TO NO. 25:** Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. Union Pacific further objects to this topic to the extent that this topic would invade attorney–client or work-product protections. Union Pacific further objects because this information is more appropriately provided in the form of the materials themselves, which—except those that are privileged or work-product protected—have already been produced to Plaintiff in discovery, including as UPRR THOMPSON 000747–

000954; 001953–002111. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

**TOPIC NO. 26:** Consideration and/or implementation of disciplinary action of conductors and/or engineers for failure to perform a Class 1 Air Brake Test for the five years preceding Plaintiff's termination through the present date, identifying the date of the purported rule violation, the circumstances of the violation, the investigatory process, the discipline assessed, whether the conductor and/or engineer had reported an on-duty injury prior to the charge, and the identity of the party, for the period of five years before the subject incident through the present.

**RESPONSE TO NO. 26:** Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is vague, in part because it relies on "and/or." *See RM Dean Farms v. Helena Chem. Co.*, No. 2:11-cv-105-JLH, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012). Union Pacific further objects to this topic because it seeks confidential information relating to claims by individuals who are not parties to this litigation. Union Pacific further objects to the extent this topic would invade attorney–client or work-product protections. Union Pacific further objects to this topic as unduly burdensome, and as overbroad as to time.

Subject to the above objections, Union Pacific will produce a witness to address this topic.

**TOPIC NO. 27:** Defendant's policies, practices, and procedures for inspecting, maintaining and repairing wheel style handbrakes for a period of five years prior to June 20, 2019 through the present date.

**RESPONSE TO NO. 27:** Union Pacific objects to this topic as overly broad as to time.

Subject to the above objection, Union Pacific will produce a witness to address this topic as it relates to the time of the accident.

**TOPIC NO. 28:** The person(s) responsible for determining whether to report Plaintiff's on-duty injury to the FRA, whether Plaintiff's on-duty injury was reported to the FRA, and all documents, reports, logs or other materials in the possession of Defendant pertaining to Plaintiff's on-duty injury incident which were prepared or are kept pursuant to FRA regulations or reporting guidelines, including Form 6180.98 and all internal forms, documents and notes prepared in connection with Plaintiff's June 20, 2017 injury incident.

**RESPONSE TO NO. 28:** Union Pacific objects to this topic as overly broad, unduly burdensome, disproportionate to the needs of the case, and irrelevant, because Union Pacific reported the alleged injury to the FRA and has already produced the FRA Form 6180.98 for this incident in discovery. Further, whether Plaintiff reported an injury is not in dispute. Union Pacific further objects to the extent this topic would invade attorney–client or work-product protections.

**TOPIC NO. 29:** Defendant's policies, practices, and procedures for reporting injuries, including the origin, development and purpose(s) of those policies, practices and procedures.

**RESPONSE TO NO. 29:** Union Pacific objects to this topic as overly broad, unduly burdensome, disproportionate to the needs of the case, and irrelevant, because Union Pacific does not dispute that Plaintiff reported an injury on June 20, 2017 and has already produced the FRA Form 6180.98 for this incident in discovery. Union Pacific further objects to the extent this topic would invade attorney–client or work-product protections.

**TOPIC NO. 30:** All correspondence, e-mails, and/or text messages between Plaintiff and Defendant, its employees and/or agents, sent from June 20, 2019 to present.

**RESPONSE TO NO. 30:** [Union Pacific's response and objections to this topic assume that Plaintiff means "June 20, 2017" rather than "June 20, 2019."] Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is vague, in part because it relies on "and/or." *See RM Dean Farms v. Helena Chem. Co.*, No. 2:11-cv-105-JLH, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012). Union Pacific further objects because this topic designates information equally available to Plaintiff, and at less expense. Union Pacific further objects because this information is more appropriately provided in the form of the communications themselves, which—except those that involve confidential information of third parties, or are privileged or work-product protected—have already been produced to Plaintiff in discovery, including as UPRR THOMPSON 000747–000954; 001010–001020; 001953–002111; 003892–004640. *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014).

**TOPIC NO. 31**: All employees who reported on-duty injuries and received discipline or were dismissed within one year of reporting his or her injury.

**RESPONSE TO NO. 31**: Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is also overly broad, unduly burdensome, disproportionate to the needs of the case, and largely irrelevant, because it designates matters far beyond those at issue in this case.

**TOPIC NO. 32**: All FRSA claims filed against Defendant in the past five years.

**RESPONSE TO NO. 32**: Union Pacific objects to this topic as failing to describe with reasonable particularity the matters for examination. It is also overly broad, unduly burdensome, disproportionate to the needs of the case, and irrelevant, because it designates matters far beyond those at issue in this case.

**RULE 30(b)(2) REQUEST FOR PRODUCTION**: Each designee, pursuant to Rule 30(b)(2) and 34 of the Federal Rules of Civil Procedure, Defendant is required to produce all documents, written, and electronic records and tangible materials referring or pertaining to the subject matters of all topics in this Notice within 30 days.

**RESPONSE TO RULE 30(b)(2) REQUEST FOR PRODUCTION**: Union Pacific objects to this request as failing to describe with reasonable particularity each item or category of items to be inspected. This is a blanket request for everything "referring or pertaining" to 32 topics, many of which are themselves objectionable. Union Pacific further objects to this request as vague when using the phrase "referring or pertaining to." *See Trustees of Boston University v. Everlight Electronics Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014). Union Pacific further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Union Pacific further adopts and incorporates by reference its objections to each of the individual topics embraced by this request.

*Respectfully submitted,*

Joseph P. McKay, #99006
Khayyam M. Eddings, #2002008
Joshua C. Ashley, #2012051
Friday, Eldredge & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3522
Telephone:  (501) 376-2011
Facsimile:   (501) 376-2147
*jmckay@fridayfirm.com*
*keddings@fridayfirm.com*
*jashley@fridayfirm.com*

*Attorneys for Union Pacific Railroad Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on July 19, 2019 via regular mail and email to the following:

Mr. Nelson G. Wolff
Mr. Scott M. Gershenson
Schlichter, Goard & Benton, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
*nwolff@uselaws.com*
*sgershenson@uselaws.com*

Joshua C. Ashley