IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF ARKANSAS
WESTERN DIVISION

KENYA THOMPSON                                                          PLAINTIFF

vs.                              Case No. 4:18-cv-905-SWW

UNION PACIFIC RAILROAD COMPANY                                          DEFENDANT

**Protective Order**

Before the Court is a Joint Motion for Protective Order. Upon consideration, the Court finds that the motion should be and hereby is GRANTED. The Court enters the following Protective Order as proposed by the parties:

The parties have information to disclose which may require protection due to its confidential or proprietary nature. Accordingly, the parties agree:

**1. Scope.** All documents produced in the course of discovery, including all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL" does not mean that

the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated.** Any party may designate documents as CONFIDENTIAL upon making a determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, proprietary, or such other sensitive commercial information that is not publicly available.

4. **Protection of Confidential Material.**

    a. **General Protections.** Documents designated CONFIDENTIAL – under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in Paragraph 4(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (i)–(v). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

        i. **Counsel.** Counsel (or the parties and employees and agents of counsel) who have responsibility for the preparation and trial of the action;

        ii. **Parties.** Parties and employees of a party to this Order.

        iii. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

      **iv.**    **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

      **v.**    **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

  **c.**  **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

  **d.**  **Copies.** Before production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as ("copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided that these indices, electronic databases or lists do

not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

  e. **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL" shall be governed by the applicable rules of civil procedure, but a party may designate such documents as Confidential as soon as it realizes the inadvertent disclosure.

5. **Filing of CONFIDENTIAL Documents Under Seal.** Before any document designated as CONFIDENTIAL is filed with the Court, the party wishing to file the document shall request that the document be filed under seal. It shall be within the sole discretion of the Court to determine whether said document may be filed under seal.

  a. Before the filing party requests the Court's leave to file under seal any document marked as CONFIDENTIAL, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of the designating party, the document or a redacted version of the document may be filed with the Court not under seal.

6. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

7. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion under the applicable rules of

procedure and local rules of the Court and any other procedures set forth in the presiding judge's standing orders or other relevant orders.

8. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

9. **Obligations on Conclusion of Litigation.**

    a. **Order in Effect.** Unless otherwise agreed, this Order shall remain in force after dismissal or entry of judgment not subject to further appeal.

    b. **Return of CONFIDENTIAL Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in Paragraph 4(d), shall be returned to the producing party unless: (l) the document has been offered into evidence or filed without restriction as to disclosure; or (2) the party in possession of such document(s) elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work

product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

**10. Persons Bound.** This Order shall take effect when signed by the Court and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED this 2nd day of October, 2019.

/s/Susan Webber Wright<br>
UNITED STATES DISTRICT JUDGE

**Attachment A**
**Acknowledgment and Agreement to be Bound**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto; understands the terms thereof; and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court herein in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____
_____
_____

_____    _____
Date                                              Signature

*Agreed as to form and content:*


*/s/ Joshua C. Ashley*
Joseph P. McKay
Khayyam M. Eddings
Joshua C. Ashley
FRIDAY, ELDREDGE & CLARK, LLP
400 W. Capitol Ave., Ste. 2000
Little Rock, Arkansas 72201
Tel: (501) 376-2011
Fax: (501) 376-2147
*jmckay@fridayfirm.com*
*keddings@fridayfirm.com*
*jashley@fridayfirm.com*

*Attorneys for Defendant*

*&*

*/s/ Scott M. Gershenson*
Nelson G. Wolff
Scott M. Gershenson
SCHLICHTER, BOGARD & DENTON, LLP
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
Tel: (314) 621-6115
Fax: (314) 621-7151
*nwolff@uselaws.com*
*sgershenson@uselaws.com*

*Attorneys for Plaintiff*