IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KENYA THOMPSON**                                                    **PLAINTIFF**

**V.**                  **CASE NO. 4:18-CV-905 (SWW)**

**UNION PACIFIC RAILROAD COMPANY**                    **DEFENDANT**

### MOTION FOR LEAVE TO FILE SUR-REPLY
### IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant Union Pacific Railroad Company (Union Pacific), by and through its attorneys, CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C., respectfully requests leave to file a Sur-Reply Brief in Opposition to Plaintiff's Motion to Compel. In support of its Motion for Leave, Union Pacific states as follows:

1. Plaintiff filed her Motion to Compel against Union Pacific on September 19, 2019, in which she raised twenty-five separate discovery issues for this Court's review. *Dkts. 20 & 21.*

2. After Union Pacific timely-filed its Response in Opposition, *Dkts. 30 & 31*, Plaintiff—recognizing that she failed to properly support her Motion with thoughtful, cogent, and organized argument—sought leave to file a Reply Memorandum.

3. In support of her request to file a Reply, Plaintiff argued obtusely that Union Pacific's Response and Brief in Opposition raised "new arguments" regarding her Motion's procedural and substantive shortcomings. *Dkt. 32.* This argument is specious because Union Pacific's Response was its first opportunity to respond to Plaintiff's allegations.

4. Nevertheless, the Court granted Plaintiff leave to file her Reply Memorandum, *see Dkts. 34 & 35*, and on November 12, 2019, the Parties' counsel held a telephone conference to discuss, among other things, Plaintiff's Reply Brief as well as her position on whether she would

consent to Union Pacific seeking leave file a Sur-Reply. Ultimately, Plaintiff's counsel advised undersigned counsel that Plaintiff does not consent to Union Pacific filing a Sur-Reply.

5. Though Plaintiff's Reply was largely redundant with the arguments she alleged in her initial Brief, Plaintiff made new arguments to which Union Pacific should have the right to respond as a matter of substantial justice. Specifically, among other things, Plaintiff made new arguments suggesting that Union Pacific has the burden of effectively proving a negative in response to her Motion to Compel (*Dkt. 35*, at P. 5), that Union Pacific must disclose irrelevant and overly broad information in *this* action because it produced some of the same types of data in *other* lawsuits with disparate facts (*id.* at P. 6), and that he Motion should otherwise be granted as to hot box reader data because affidavit testimony was not produced to supplement Union Pacific's arguments and case law pertaining to the relevance of that type of data. Union Pacific should be afforded the opportunity to respond to each of Plaintiff's new arguments.

6. The Court has yet to rule on Plaintiff's Motion to Compel, and as such, Union Pacific respectfully requests the opportunity to file a Sur-Reply in Opposition to Plaintiff's Motion to Compel within seven (7) days from the date of an order granting this Motion for Leave. Alternatively, Union Pacific would request the opportunity to address Plaintiff's arguments at a hearing on her Motion to Compel.

7. This Motion is made in good faith and not for any deleterious purpose.

Accordingly, Defendant Union Pacific Railroad Company respectfully requests that the Court grant leave to file a Sur-Reply in Opposition to Plaintiff's Motion to Compel within seven (7) days following the Court's anticipated Order, or otherwise, to be afforded the opportunity to respond to Plaintiff's arguments at a hearing on her Motion to Compel.

    Respectfully submitted,

    Abtin Mehdizadegan, Ark. Bar No. 2013136
    Caitlin A. Campbell, Ark. Bar No. 2019155
    **CROSS. GUNTER, WITHERSPOON**
       **& GALCHUS, P.C.**
    500 President Clinton Avenue, Suite 200
    Little Rock, Arkansas 72201
    Phone: (501) 371-9999 | Fax: (501) 371-0035
    abtin@cgwg.com | ccampbell@cgwg.com
    **COUNSEL FOR DEFENDANT**